IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HOWARD LEIGHTON LASKEY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v | * | Civil Action No.  ELH-15-2428 |
| | * | |
| SAUL KERPELMAN & ASSOCIATES, | * | |
| WILLIAM J. WARREN, | * | |
| APRIL WARREN, | * | |
| | * | |
| Defendants. | * | |
| | *** | |

## MEMORANDUM

Pending are Howard Leighton Laskey's complaint and motion to proceed in forma pauperis.  ECF 1; ECF 2.  Laskey indicates that he is also known as "Howard L. Laskey, II." ECF 1 at 3.  The docket shall be amended accordingly.

Laskey's application to proceed without prepayment of fees shows his sole income source is a monthly payment of $733.00 in Supplemental Security Income.  ECF 2; ECF 2-1. Laskey states he has little savings. The court will grant him leave to proceed in forma pauperis because he qualifies for indigent status.

## BACKGROUND

Laskey, who is self-represented, has sued a law firm, Saul Kerpelman & Associates, and two people who appear to be clients of the law firm, William J. Warren and April Warren, for "mail fraud, wire fraud, complicity to commit mail fraud and wire fraud, attempted extortion, [and] illegal attempt at search and seizure by perjury with malice and forethought."  ECF 1. Laskey has submitted additional filings that he titles "Further Evidence to Support Fraud."  *See* ECF 3; ECF 4; ECF 5; ECF 6.

Laskey faults defendants April and William Warren for acting in "complicity" with the law firm of Saul Kerpelman and Associates by filing suit against him on June 25, 2015, in case 24-C15-003310, pending in the Circuit Court for Baltimore City, and for sending the "lawsuit and statement of facts" to him through the United States Postal Service and the internet to "extort" $ 75, 000 from him. ECF 1. The case type is shown on the state docket as a lead paint action. ECF 1-1 at 11.

Laskey avers that he has never rented nor allowed William J. Warren or April Warren to reside at his property located at 527 Baltic Avenue in Brooklyn, Maryland. ECF 1 at 1. As redress, Laskey requests $1 million in damages and revocation of "Saul Kerpelman & Associates license to practice law in Maryland." *Id*. The State's electronic docket indicates that a motion hearing is scheduled in the circuit court on October 2, 2015. *See* http://casesearch. courts.state.md.us/ casesearch/inquiryByCaseNum.jis.

## DISCUSSION

"Under 28 U.S.C.A. § 1915(e), which governs [in forma pauperis] filings ..., a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim." *Michau v. Charleston Cnty., S.C.*, 434 F.3d 725, 728 (4th Cir. 2006). Although a self-represented plaintiff's pleadings are liberally construed to allow the development of a potentially meritorious case, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), the complaint must, articulate facts that, when accepted as true, demonstrate a claim to relief that is plausible on its face. *See Weller v. Dep't of Soc. Servs. for City of Balt*., 901 F.2d 387, 391 (4th Cir. 1990) (dismissing pro se complaint that failed to allege any factual basis for the claims); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). A claim is facially plausible "when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556 (2007).

Moreover, Laskey does not state a jurisdictional basis for his claims and none is apparent. *See* 28 U.S.C. §§ 1331, 1332. Laskey neither identifies a federal law nor a constitutional right purportedly abridged by defendant, and he also fails to provide a basis for jurisdiction on the grounds of diversity of citizenship of the parties.

Federal district courts are courts of limited jurisdiction. *See Exxon Mobil Corp. v. Allapattach Servs., Inc.*, 545 U.S. 546, 552 (2005); *United States ex rel. Voyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009). "They possess only the jurisdiction authorized them by the United States Constitution and by federal statute." *Jadhav*, 555 F.3d at 347 (citing *Bowles v. Russell,* 551 U.S. 205 (2007)).

"It is well established that before a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court." *Miller v. Brown,* 462 F.3d 312, 316 (4th Cir. 2006). Moreover, a district court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Of import here, "[s]ubject matter jurisdiction cannot be forfeited or waived, and can be raised by a party, or by the court *sua sponte*, at any time prior to final judgment." *In re Kirkland*, 600 F.3d 310, 314 (4th Cir. 2010); *see McCulloch v. Vélez,* 364 F.3d 1, 5 (1st Cir. 2004) ("It is black-letter law that a federal court has an obligation to inquire *sua sponte* into its own subject matter jurisdiction.") ; *see also Snead v. Board of Educ. of Prince George's County*, 815 F. Supp. 2d 889, 893-94 (D. Md. 2011).

Pursuant to Fed. R. Civ. P. 12(h)(3), "the court must dismiss the action" if it determines that it lacks subject matter jurisdiction. *See also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506-07 (2006).[1] This is because "jurisdiction goes to the very power of the court to act." *Ellenburg v. Spartan Motors Chassis*, *Inc.*, 519 F.3d 192, 196 (4th Cir. 2008).

The complaint is also deficient because it fails to allege well-pleaded facts related to the defendants. Laskey's claims of fraud, extortion, illegal attempt at search and seizure, perjury, and conspiracy are unsupported by factual averments. Laskey provides no facts to support his allegation that defendants used the U.S. Postal service or the internet with intent to defraud or other illegal purpose. The complaint is subject to dismissal on this basis.

Moreover, to the extent the complaint asks the court to intervene in a pending state case, it runs afoul of the abstention doctrine announced in *Younger v. Harris,* 401 U.S. 37, 41 (1971). In most cases, "national policy [forbids] federal courts to stay or enjoin pending state court proceedings," so as to allow state courts to determine matters of state law, vindicate important state interests, and address constitutional concerns without interference from federal courts, except when plainly necessary to address a situation of immediate and irreparable injury. *Id; see also Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (stating abstention is appropriate when: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings"). Laskey does not claim, nor does the complaint suggest, this standard is satisfied.

---

[1] A court also has the inherent power to dismiss, *sua-sponte*, frivolous or malicious actions and motions. *See Ross v. Baron,* 493 F. App'x 405, 406 (4th Cir. 2012) (per curiam) (citations omitted); *cf. Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 308 (1989); Fed. R. Civ. P. 12(f) ("The court may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own . . . .").

The underlying lead paint case is the subject of pending litigation in State court. If, as plaintiff claims, the Warrens never resided at plaintiff's property, then the Circuit Court for Baltimore City would be in a position to resolve that contention.

## CONCLUSION

For these reasons, the court will dismiss the complaint, without prejudice, and by separate order to follow.

September 17, 2015              _____/s/_____
Date                                           Ellen L. Hollander
                                               United States District Judge